IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| AUTOLIV ASP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:13-CV-141-WKW |
| | ) | [WO] |
| HYUNDAI MOBIS CO., LTD, and | ) | |
| MOBIS ALABAMA, L.L.C., | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

On February 26, 2021, the Magistrate Judge filed a Recommendation on the pending motions. (Doc. # 291.) Plaintiff filed objections (Doc. # 294), as did Defendants (Doc. # 295). Each side also responded to the other side's objections. (Docs. # 298, 300.) Based upon a *de novo* review of those portions of the Recommendation to which objection is made, 28 U.S.C. § 636, and having reviewed the record, the court finds no error. The parties' objections largely are restatements of prior arguments made in the summary judgment briefing and are correctly addressed by the magistrate judge. Accordingly, it is ORDERED as follows:

(1) The parties' objections (Docs. # 294, 295) are OVERRULED;

(2) The Recommendation (Doc. # 291) is ADOPTED;

(3) Plaintiff's motion for partial summary judgment (Doc. # 200) is GRANTED as follows:

  (a) The accused products infringe the Base End Closure Element, as found in claims 1 and 20 of U.S. Patent No. 7,347,450;

  (b) The terms "a region" and "such that the gas rapidly exits" as found in U.S. Patent No. 7,614,653 are not indefinite;

  (c) U.S. Patent No. 7,347,450 is not obvious, as prior art directed to parachute references is not analogous art;

  (d) The asserted patents are not obvious on any ground upon which Defendants failed to identify a motivation to combine, as identified in Autoliv's Memorandum (Doc. # 206-1, at 32–38; *see also* Doc. # 200-1, at 2 (Proposed Judgment));

  (e) Because Defendants failed to articulate a reasonable expectation of success in combining the prior art, the asserted patents are not obvious; and

  (f) Claims 26–27, 35–37, and 40 of U.S. Patent No. 7,614,653 are not obvious or anticipated.[1]

---

[1] Plaintiff's motion for partial summary judgment contains a cursory reference to Rule 54(b) of the Federal Rules of Civil Procedure. (*See* Doc. # 200, at 1.) However, Plaintiff neither has moved for Rule 54(b) certification nor has it shown that Rule 54(b) certification is appropriate. *See Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 777 (11th Cir. 2007) (explaining that, under Rule 54(b) of the Federal Rules of Civil Procedure, first, "the court's decision must be final in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action, and a judgment in the sense that it is a decision upon a cognizable claim for relief" and second, "the district court must then determine that there is no just reason for delay in certifying it as final and immediately appealable" (citations and internal quotation marks omitted). Accordingly, a Rule 54(b) judgment does not accompany this Order.

(4)     Defendants' motion for summary judgment of non-infringement and no enhanced damages (Doc. # 201) is GRANTED on dependent claims 26 and 27 of U.S. Patent No. 7,614,653, which both refer to claim 20; the motion (Doc. # 201) is DENIED as moot as to the withdrawn claims; and the motion (Doc. # 201) otherwise is DENIED.

This action proceeds to trial on Claims 1–2, 6, 8–10, and 20 of U.S. Patent No. 7,347,450 and on Claims 35–37 and 40 of U.S. Patent No. 7,614,653.

DONE this 5th day of August, 2021.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE